Labauve, J.
It appears that the defendant obtained an appeal from a judgment rendered in the above cause, returnable to this Court on the second Monday of February, 1867; that he suffered three judicial days to elapse subsequent to the return day, without filing the record of appeal, and that plaintiff and appellee took from the clerk of this Court a certificate of the non-filing of said- appeal.
On the 19th of February, 1867, on motion ■ of defendant and appellant, it was ordered by this Court that the plaintiff and appellee do show cause on Tuesday, 26th February, 1867, at 11 o’clock, A. M., why the certificate of the non-filing of the appeal in this case should not be set aside and canceled, and why the record of appeal should not bo filed, on the following grounds :
“ 1. That the judicial day made on Thursday last should not be counted, with regard to appeal from the parish of Orleans, and said appellant having made a motion and showing on Monday last in due form.
*123 2. That the facte .shown by the affidavit and certificate filed yesterday, clearly entitle the appellant to relief. ”
This rule and application must bo tested and disposed of under the dispositions contained in Article 888 of the Code of Practice, where it is directed that—
If the appellant lias not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the Court below, and was prevented from doing so by any event, not under his control, he may, either in person or by attorney, apply to the Court, before the expiration of the three, days, after which the appellee may obtain a certificate from the clerk, declaring that the. record has not been filed, and may demand a further time to bring it up, which may bo granted by the Court,, if the event, causing its delay be proved to its satisfaction. i;’ *
The three judicial days having expired without a motion by the. appellant for an extension of time, to file the appeal, the appellee had aii acquired right to take the certificate, and we have in law no authority to set it aside and cancel it, except on proof, on the part of the appellant, that he was prevented from filing the appeal in the legal delay, by an event not wider 7iis control. The appellant has entirely failed to show any such event; lie lias not evou shown any duo diligence.
The rule is discharged, at the cost of the appellant.